IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSE ALFREDO REGALADO, | Case No. 6-14-cv-01568-SB |
| Petitioner, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| JEFF PREMO, | |
| Respondent. | |

**BECKERMAN, Magistrate Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the district judge should deny Petitioner's habeas petition (ECF No. 1) (the "Petition"), because it is barred by the applicable one-year statute of limitations, and no basis exists for equitable tolling.

## BACKGROUND

On March 14, 2005, a jury convicted Petitioner of Sodomy in the Second Degree (two counts), Sexual Penetration with a Foreign Object in the Second Degree (two counts), and Sexual Abuse in

Page 1 - FINDINGS AND RECOMMENDATION

...

the Second Degree (one count). Resp't Ex. Answer (ECF No. 21) Ex. 101. The trial court sentenced Petitioner to 150 months' imprisonment. *Id.*

On April 13, 2005, Petitioner filed a direct appeal. Resp't Ex. 104. The Oregon Court of Appeals affirmed Petitioner's conviction without opinion, the Oregon Supreme Court denied review, and the appellate judgment issued on January 2, 2007. Resp't Ex. 105; *see State v. Regalado*, 207 Or. App. 437, *rev. denied*, 342 Or. 46 (2006).

On December 20, 2007, Petitioner filed a state petition for post-conviction relief (PCR), alleging ineffective assistance of counsel.[1] Resp't Ex. 107. The trial court denied post-conviction relief. Resp't Ex. 108. The Oregon Court of Appeals affirmed without opinion, the Oregon Supreme Court denied review, and the appellate judgment issued on February 29, 2012. Resp't Ex. 111; Pet'r's Ex. Supp. Pet. (ECF No. 31) Ex. 99.

On October 1, 2014, Petitioner filed his federal habeas petition, alleging claims of ineffective assistance of counsel. Pet'r's Habeas Pet. (ECF No. 1) 8. Respondent moves to deny the Petition on the basis that it is time-barred under 28 U.S.C. § 2244(d)(1). Resp't Resp. Pet. (ECF No. 19) 1. Petitioner does not dispute that he filed his petition well after the one-year limitation period. Instead, Petitioner argues that he is entitled to equitable tolling of the limitation period. Pet'r's Br. Supp. (ECF No. 31) 6-7.

///

///

---

[1] For purposes of calculating the running of the limitation period, this Court uses the date Petitioner signed his state and federal petitions and presumably handed them to prison officials for mailing. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies.").

**DISCUSSION**

**I.    The One-Year Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of U.S.C. § 2244, the limitations period does not begin until expiration of the ninety-day "period within which a petitioner can petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Sossa v. Diaz*, 729 F.3d 1225, 1227 (9th Cir. 2013). The limitation period is tolled during the time a properly filed state PCR petition is pending. 28 U.S.C. § 2244(d)(2). A PCR petition is "pending until it has achieved final resolution through the State's post-conviction procedure." *Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)) (internal quotations omitted).

In this proceeding, the appellate judgment issued on January 2, 2007. Resp't Ex. 105. Thus, the limitation period began to run on April 2, 2007 (accounting for the ninety days allowed to file a *certiorari* petition). Between April 2, 2007 and December 20, 2007 (the date Petitioner signed his PCR petition), 262 days accrued. The PCR appellate judgment issued on February 29, 2012. At that time, 103 days remained on the limitation clock, and Petitioner could have filed a timely habeas petition on or before June 11, 2012. However, Petitioner did not file his habeas petition until October 1, 2014, which was 945 days after the PCR appellate judgment entered. In total, 1,207 countable days

accrued. *See* 28 U.S.C. § 2244(d)(1)(A) & (2). Hence, Petitioner filed his habeas petition two years and 112 days beyond the applicable one-year statute of limitations.

**II.     Equitable Tolling**

The limitation period within which to file a federal habeas petition may be equitably tolled upon a showing that (1) petitioner was pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015); *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). Equitable tolling is a fact-specific inquiry. *Gibbs v Legrand*, 767 F.3d 879, 886 (9th Cir. 2014); *Sossa*, 729 F.3d at 1230. The threshold necessary to trigger equitable tolling is very high, and is reserved for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014) (*quoting Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

A showing of diligence is required for habeas petitioners in order to "ensure that the extraordinary circumstances faced by petitioners[,] . . . and not their lack of diligence were the cause of the tardiness of their federal habeas petitions." *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006). If the petitioner did not exercise reasonable diligence in attempting to file under the circumstances, "the link of causation between the extraordinary circumstances and the failure to file is broken." *Roy*, 465 F.3d at 973 (quoting *Spitsyn*, 345 F.3d at 800 (internal quotations omitted)). The equitable tolling standard for diligence is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 654; *Doe*, 661 F.3d at 1016. The Supreme Court has recognized certain affirmative actions, taken in a timely manner, as establishing reasonable diligence both before and after extraordinary

circumstances arise. For example, the Supreme Court held that a petitioner who wrote numerous letters to his attorney, contacted others associated with the courts, and filed a *pro se* petition immediately after learning that the AEDPA statute of limitations had expired, exercised diligence. *See Holland*, 560 U.S. at 654. Conversely, a petitioner who waited several months without valid justification to file a habeas petition did not demonstrate diligence, and was denied equitable tolling. *See Pace v. DiGugliemo*, 544 U.S. 408, 420 (2005).

The Ninth Circuit has found "extraordinary circumstances" in a variety of cases, including mental impairment, *Bills*, 628 F.3d at 1101; egregious attorney misconduct, *Holland*, 560 U.S. at 651-52; lack of access to legal materials, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); and lack of knowledge of case resolution, *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). In the instant case, Petitioner argues that the limitation period should be equitably tolled because he is "illiterate in English and Spanish" and because of a failure of communication with Richard Cowan, his PCR trial attorney. Pet'r's Br. Supp. 7-8.

### III. Analysis

#### A. Extraordinary Circumstances

##### 1. Language Barriers/Illiteracy

The Ninth Circuit has recognized that a "petitioner's inability to speak, write and/or understand English, in and of itself, does not automatically justify equitable tolling," but "equitable tolling may be justified *if* language barriers *actually prevent* timely filing." *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (emphasis added); *see also Sanchez-Gonzalez v. McDonald*, No. 2:11-cv-0637 KJN, 2011 WL 3568280, at *3 (E.D. Cal. Aug. 15, 2011) (holding that petitioner failed to demonstrate that his language barrier, rather than his lack of diligence, prevented him from

timely pursuit of the action). Hence, "[l]ack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yeh*, 751 F.3d at 1078; *see also Felix v. Baker*, 589 F. App'x 382, 383 (9th Cir. 2015) (barring a petitioner from equitable relief because he completed his state and pro se habeas petitions, and his applications to proceed in forma pauperis and for motion for the appointment of counsel in English, suggesting that he either had some proficiency in English or access to a translator).

On March 5, 2012, Petitioner received a letter dated March 1, 2012 from Attorney Erin Galli, his PCR appellate attorney. The text of Galli's letter read:

> We have received the final Appellate Judgment in your case and a copy is enclosed. You should consider filing for federal habeas corpus relief. Please refer to my letter of January 6, 2012, if you have any questions or feel free to contact me. I encourage you to start the process as quickly as possible by filing a petition in the United States District Court for the District of Oregon. Forms should be available in the law library. If you have questions, you can also try contacting the Federal Public Defender's office. Their contact information is: [address and telephone number]."

Pet'r's Habeas Pet. Attach. 7. Petitioner asserts that "[h]e translated Galli's letter but did not know what to do next." Pet'r's Habeas Pet. 8. On Galli's letter, the following words are handwritten in Spanish above these English words and phrases: *recibir*/received, *lo mismo*/final, *debiera considerar archivador*/should consider filing, *alivo*/relief, *ajustado*/tight, *lineas*/(time)lines, *aplicar*/apply, buscar/seeking, *tal*/such, *enviar*/refer, *animar*/encourage, *archivador*/filing, *carpeta*/file. Pet'r's Habeas Pet. Attach. 7.

On March 8, 2012, Petitioner received a Notice of Entry of Judgment from Cowan, his PCR attorney. Pet'r's Habeas Pet. Attach. 8-9. Petitioner "trusted Mr. Cowan to advise him on the next step, namely federal habeas corpus." Pet'r's Habeas Pet. 8. Petitioner wrote and mailed letters to

Cowan dated September 24, 2013, November 18, 2013, January 8, 2014, and June 11, 2014, inquiring generally about his case and requesting a response from Cowan. Pet'r's Habeas Pet. 8; Pet'r's Habeas Pet. Attach. 12, 13.

On this record, Petitioner has not demonstrated that his language barriers were an "extraordinary circumstance" that caused the late filing of his Petition. On the contrary, Petitioner states in his verified Petition that he had the help of an inmate legal assistant to prepare the Petition. Pet'r's Habeas Pet. 8. Additionally, an inmate legal assistant wrote for Petitioner a letter in English to Cowan after he did not respond to Petitioner's letters written in Spanish. Pet'r's Habeas Pet. 8; Pet'r's Habeas Pet. Attach. 13. Furthermore, the translated words in Galli's letter demonstrate that Petitioner either had access to and utilized a translator, or that Petitioner had the ability to translate English into Spanish himself.[2] Pet'r's Habeas Pet. Attach. 7. Petitioner's access to translation services establish that his language barriers were not an extraordinary circumstance that created an insurmountable barrier to the diligent pursuit of legal relief. *Felix*, 589 F. App'x at 383; *Yeh*, 751 F.3d at 1078; *Mendoza*, 449 F.3d at 1069. Accordingly, Petitioner has failed to sustain his heavy burden to demonstrate that equitable tolling is warranted here.

### 2. Attorney Neglect

Petitioner also argues that equitable tolling is warranted because he relied on Cowan, his PCR trial attorney, and "trusted" Cowan to "advise him regarding the next step, namely federal

---

[2] Petitioner states that he is "illiterate in English and Spanish." Pet'r's Habeas Pet. 8. No evidence demonstrates, however, that Petitioner is illiterate in Spanish. Petitioner's documents include two handwritten letters in Spanish, which Petitioner states that he wrote. Pet'r's Habeas Pet. Attach. 11-12. Petitioner also states that he "translated parts of" Galli's March 1, 2012 letter. Pet'r's Habeas Pet.8 & Attach. 7. Such extensive handwriting in Spanish strongly suggests that Petitioner is literate in Spanish.

Page 7 - FINDINGS AND RECOMMENDATION

habeas corpus." Pet'r's Habeas Pet. 8. Petitioner "feels he properly and timely communicated his intentions to Mr. Cowan" and "assumed" throughout that "counsel Cowan would assist him[.]" *Id.*

Attorney neglect can be deemed an extraordinary circumstance for purposes of equitable tolling. *See Holland*, 560 U.S. at 653; *U.S. v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011); *Porter*, 620 F.3d at 961. However, "[g]arden variety claim[s] of excusable neglect" do not constitute an extraordinary circumstance. *Doe*, 661 F.3d at 1011-12; *see also Spitsyn*, F.3d at 800-02. Missing a filing deadline due to miscalculation is an example of excusable neglect because the petitioner has not shown the neglect "ma[de] it impossible to file [the document] on time." *Holland*, 560 U.S. at 652; *see also Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1053 (9th Cir. 2013), *aff'd*, 135 S. Ct. 1625 (2015). Attorney abandonment of a client without notice, in contrast, may constitute an extraordinary circumstance. *Gibbs*, 767 F.3d at 888-89.

Here, Petitioner wrote to Cowan four times. He sent his first letter eighteen months after receiving notice from Galli that a final judgment was issued in his PCR appeal. Galli, not Cowan, was Petitioner's counsel during this time frame. Hence, Cowan's failure to respond to Petitioner's letters does not amount to egregious, inexcusable, or gross neglect, because Cowan was not Petitioner's attorney at the time. Furthermore, it was not reasonable for Petitioner to rely on Cowan because Galli told Petitioner in her March 1, 2012 letter to contact her or the Federal Public Defender's Office, and to "start the [habeas corpus relief] process as quickly as possible." Pet'r's Habeas Pet. Attach. 7; *see Luna*, 784 F.3d at 650 (finding that petitioner "must show not only that he kept in touch with [his attorney], but also that it was reasonable for him to continue relying" on his attorney). Petitioner cannot demonstrate a "sufficiently egregious misdeed such as malfeasance or failing to fulfill a basic duty of client misrepresentation" for tolling purposes unless the attorney

Page 8 - FINDINGS AND RECOMMENDATION

actually represents the petitioner. *Doe*, 661 F.3d at 1013 (internal citation omitted). Therefore, Petitioner has not demonstrated attorney neglect as an extraordinary circumstance.

### B. Lack of Diligence

Even if extraordinary circumstances existed here, Petitioner has failed to demonstrate that he diligently pursued his right to file a habeas petition. Waiting too long before attempting to file a petition demonstrates a lack of diligence. *Guillory v. Roe*, 329 F.3d 1015, 1017 (9th Cir. 2003). In other words, "reasonable diligence requires *action* on the part of the petitioner – including one appearing *pro se*." *Fue v. Biter*, 810 F.3d 1114, 1118 (9th Cir.), *reh'g en banc granted*, --- F.3d ---, 2016 WL 4136976 (2016). For example, in *Mendoza v. Carey*, an illiterate native Spanish-speaking petitioner demonstrated diligence because he provided a detailed showing that he requested, but did not receive, Spanish language legal materials, had no access to legal materials at his prison's law library, and made great efforts to find translation assistance. *See Mendoza*, 449 F.3d at 1969-70. In contrast, in *Sanchez-Gonzalez*, a petitioner who failed to explain what education he had and provided no proof of his efforts to seek legal assistance in English or Spanish, failed to demonstrate diligence. *Sanchez-Gonzalez*, 2011 WL 3568280, at *3.

Here, Petitioner did nothing in response to Galli's March 1, 2012 letter, and the "Notice of Entry of Judgment" entered on the same date, until he wrote to Cowan for the first time on September 24, 2013, more than one and a half years later. Pet'r's Habeas Pet. Attach. 7-12. Hence, even if Petitioner was diligent from the time he wrote his first letter to Cowan, his habeas petition was already time-barred. Petitioner has failed to demonstrate reasonable diligence.

For the foregoing reasons, Petitioner has demonstrated neither diligence nor the existence of extraordinary circumstances. Accordingly, equitable tolling is not warranted here. The district

judge should deny Petitioner's request for an evidentiary hearing, because Petitioner has failed to make any good faith factual allegations that would, if proven true, entitle him to equitable tolling. *See Roy*, 465 F.3d at 973.

## CONCLUSION

For the reasons stated, this Court recommends that the district judge DENY Petitioner's habeas petition (ECF No. 1) on the basis that it is untimely, and dismiss this proceeding, with prejudice. The district judge should also deny a Certificate of Appealability, because reasonable jurists could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 12th day of August, 2016.

*[signature]*

STACIE F. BECKERMAN
United States Magistrate Judge